IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

LINDA LAU,                          )
                                    )
                    Plaintiff,      )        No. 12cv2044 EJM
        vs.                         )
                                    )        ORDER
MICHAEL J. ASTRUE,                  )
COMMISSIONER OF SOCIAL              )
SECURITY,                           )
                    Defendant.      )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for supplemental security income benefits. The briefing schedule concluded November 24, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

In her March 12, 2009 application for supplemental security income benefits, plaintiff alleged disability due to multiple impairments including Raynaud's disease, an irritable colon, bipolar disorder, and manic depression. She asserts the Administrative Law Judge (ALJ) erred in assessing her credibility, and in the determination of her residual functional capacity (RFC). Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision.

> Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include Raynaud's Syndrome, gastroesophageal reflux disease, irritable bowel syndrome, QT syndrome, cannabis and amphetamine dependence in remission, history of alcohol abuse, unspecified depressive disorder, and obstructive sleep apnea, but further found plaintiff retained the RFC to engage in substantial gainful activity.

In asserting the ALJ failed to properly evaluate her credibility, plaintiff urges the ALJ erred in requiring corroboration of her subjective symptoms with objective medical evidence. Additionally, plaintiff asserts that the ALJ erred in the RFC evaluation because she did not find functional limitations flowing from the severe impairments of irritable bowel syndrome and gastroesophageal reflux disease.

The ALJ permissibly discounted the credibility of plaintiff's subjective allegations based upon the ALJ's consideration of activities noted at T. 15, 18, as well as upon finding a significant level of medical noncompliance including smoking cigarettes and marijuana which treating physicians thought to increase symptoms, and observing that when properly medicated, plaintiff's symptoms improved. The ALJ further permissibly considered that while plaintiff reported financial difficulty obtaining medical treatment, she declined assistance of social services when offered. The ALJ properly considered plaintiff's work record as

2

eroding credibility, as well as plaintiff's solicitation of a physician's letter of disability to avoid repayment of college loans.

As to the ALJ's RFC assessment, plaintiff urges the ALJ failed to set forth functional limitations, including frequent breaks and absences, from the severe impairments of irritable bowel syndrome and gastroesophageal reflux disease. In determining plaintiff's RFC, the ALJ permissibly noted the observation by treating sources as to the causal relationship between smoking cigarettes and marijuana, and her gastroparesis, acid production, and vomiting, and plaintiff's disregard of medical advice to bring her conditions under better control. T. 18.

Having permissibly discounted the credibility of plaintiff's subjective allegations for reasons as noted above, as set forth in her decision the ALJ appropriately included only those impairments and limitations found credible and appropriate in establishing plaintiff's RFC.

Upon the foregoing, it is the court's view that the ALJ's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

January 28, 2013.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

3